J-S56043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JAMES BOWIE, | |
| Appellant | No. 1557 EDA 2015 |

Appeal from the PCRA Order April 21, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0005077-2010

BEFORE: BOWES, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 18, 2017**

Appellant, William James Bowie, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the following relevant facts and procedural history from our independent review of the certified record. On March 15, 2011, Appellant was found guilty of two counts of persons not to possess a firearm, and one count each of possession of a firearm with an altered manufacturer's number, unlawful body armor, a small amount of marijuana, and drug paraphernalia, following a bench trial. On May 19, 2011, the trial court sentenced him to an aggregate term of not less than eight and a half nor

_____

[*] Retired Senior Judge assigned to the Superior Court.

more than seventeen years' imprisonment. This Court affirmed Appellant's judgment of sentence on July 31, 2013. (*See Commonwealth v. Bowie*, 2013 WL 11260413, at *1 (Pa. Super. filed July 31, 2013)). Appellant did not file a petition for allowance of appeal in our Supreme Court.

On November 25, 2013, Appellant filed a timely *pro se* PCRA petition.[1] Appointed counsel moved to withdraw his appearance and filed a *Turner/Finley*[2] "no merit" letter on March 14, 2014. The court issued notice of its intent to dismiss the PCRA petition without a hearing on February 3, 2015, and Appellant filed a *pro se* response. *See* Pa.R.Crim.P. 907(1). The court entered its final order dismissing the PCRA petition and granting counsel's petition to withdraw on April 21, 2015. Appellant filed a timely notice of appeal on May 19, 2015.

On July 28, 2015, Appellant filed a timely, court-ordered concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). In the statement, Appellant raised one issue, claiming that his sentence is unconstitutional in light of the United States Supreme Court's decision in

---

[1] We have applied the prisoner mailbox rule in providing the dates for Appellant's *pro se* filings in this memorandum. *See Commonwealth v. Brandon*, 51 A.3d 231, 234 n.5 (Pa. Super. 2012).

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998) (*en banc*).

*Alleyne v. United States*, 133 S.Ct. 2151 (2013).[3] (*See* Rule 1925(b) Statement, 7/28/15). The PCRA court entered an opinion on December 8, 2016, in which it stated that Appellant's sentence did not include any mandatory minimum sentencing provision, and that *Alleyne* is inapplicable to his case. *See* Pa.R.A.P. 1925(a); (*see also* Trial Court Opinion, 12/08/16, at 2, 7).

On March 13, 2017, Appellant filed in this Court a *pro se* motion requesting to amend his Rule 1925(b) statement, to add issues that he failed to raise, including ineffective assistance of counsel. This Court entered a *per curiam* order denying the motion on March 31, 2017.

On appeal, Appellant presents the following questions for our review:

I. Whether the PCRA court erred in not re-evaluating Appellant's unconstitutional sentence under the standard set forth in *Alleyne*?

II. Whether Appellant should have been allowed to file an amended/supplemental 1925(b) statement pursuant to the Pennsylvania and/or U.S. Constitution(s)?

(Appellant's Brief, at iii) (unnecessary capitalization omitted).

---

[3] In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, *supra* at 2155. "The effect [of *Alleyne*] was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." *Commonwealth v. Washington*, 142 A.3d 810, 812 (Pa. 2016) (citation omitted).

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." ***Commonwealth v. Payne***, 2017 WL 3911803, at *5 (Pa. Super. filed Sept. 7, 2017) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.*** (citation omitted).

In his first claim, Appellant challenges the legality of his sentence pursuant to ***Alleyne***. (***See*** Appellant's Brief, at 3). However, Appellant expressly abandons this issue in his brief, stating that he:

> has conceded to the fact that this claim is without merit based upon the PCRA court's opinion. The PCRA court pointed out that the sentence wasn't imposed mandatory, nor did the [C]ommonwealth seek a mandatory sentence.
>
> Therefore, [A]ppellant concedes that this claim is without merit.

(***Id.***).

Given Appellant's clear abandonment of his first claim, we have no reason to address it.

In his second issue, Appellant argues that this Court violated his due process rights when we did not permit him to file an amended or supplemental Rule 1925(b) statement. (***See id.*** at 3-5). He also asserts that the PCRA court failed inform him of his obligation to raise all appellate issues in the concise statement, in order to preserve them for review. (***See id.*** at 3-4). We disagree.

Initially, we find that Appellant's claim regarding the alleged deficiency of the PCRA court's Rule 1925 order is belied by the record. Our review demonstrates that the court plainly advised: "Appellant is cautioned that any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." (Order, 7/13/15, at 2). Therefore, the court properly informed Appellant of the consequence of waiver. *See* Pa.R.A.P. 1925(b)(3)(iv).

With respect to this Court's denial of Appellant's motion to amend his concise statement, we emphasize that: "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998).

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.] . . .

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

Here, Appellant did not seek to amend his concise statement in the PCRA court, and filed his motion in this Court three months after the PCRA court issued its Rule 1925(a) opinion, upon his apparent realization that his *Alleyne* claim lacked merit. Thus, he deprived the PCRA court of the opportunity to address the issues he now seeks to raise. Based on our well-

settled jurisprudence, any claims that he failed to raise in the concise statement he filed in the PCRA court are waived for appellate review. **See Hill**, **supra** at 494; **Lord**, **supra** at 308; **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Therefore, Appellant's second issue does not merit relief.[4] Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/17

---

[4] With respect to Appellant's belief that he should not be held to the same standards as an attorney in presenting his claims, (**see** Appellant's Brief, at 5), we note that although this Court is willing to construe *pro se* materials liberally, *pro se* litigants must comply with procedural rules. **See Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005).